DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Structural Grouting Systems Excavating, Incorporated ("Structural"), appeals the Medina County Court of Common Pleas' entry of judgment against it on its complaint against RLI Insurance Company ("RLI"), appellee. We affirm.
Ciereszewski Oswiecinski, Incorporated ("CO") is the owner of real property located at 1289 Pearl Road in the City of Brunswick, Ohio. CO leased the property to EKM Corporation ("EKM"). EKM sought to operate an eating and drinking establishment on the premises. To that end, EKM contracted with Precision Wood Design, Incorporated ("Precision"), appellee, as general contractor, to construct a suitable structure for that purpose. Structural submitted two bids for work on the project, the second including fewer items. Precision accepted Structural's second bid, contracting with Structural to do some of the work on the site, mainly involving excavation and placement of water lines.
On August 12, 1997, Structural started work. Structural continued progressing on the work through late 1997. On December 9, 1997, however, Structural was in the process of excavating for a water tap and struck a buried fiber optic telephone line. Structural had to cease work on the water tap until the telephone line was moved. EKM filed a notice of commencement with the Medina County Recorder on January 5, 1998, pursuant to R.C. 1311.04. On January 9, 1998, Structural filed an affidavit for mechanics' lien on the aforementioned real property. Structural returned to the site on or shortly after January 13, 1998 to accomplish some excavation and shoring of the excavation in preparation for installing the water tap. On January 29, 1998, Structural installed the water tap but still had to return to accomplish some additional grading. In addition to its obligations under the contract, Structural installed riser caps and a vault casting on February 10, 1998. Structural filed a second affidavit for mechanics' lien on the aforementioned real property on February 12, 1998.
On May 29, 1998, Structural filed suit against Precision and RLI, which provided the surety bond to pay any outstanding mechanics' liens. The issue of the validity of the mechanics' liens, and hence RLI's liability, was bifurcated from the issue of Precision's liability and the cause was tried to the bench on May 22, 2000. The trial court determined that the mechanics' liens were not perfected because Structural had not filed a notice of furnishing, and accordingly, rendered judgment in favor of RLI on Structural's complaint on June 13, 2000. Further, the trial court found that there was no just reason to delay entering final judgment. This appeal followed.
Structural asserts one assignment of error:
 The Court below erred in entering judgment on behalf of RIL [sic] Insurance Company on the complaint filed by Structural Grouting Systems Excavating, Inc. and not holding the mechanic's [sic] liens valid.
Structural asserts that the trial court erred in finding the notice of commencement filed by EKM to be valid because the notice of commencement wad filed after Structural had completed its work on the property. Further, Structural asserts that the trial court erred in concluding that the posting of the notice of commencement was sufficiently visible to comply with R.C. 1311.04(G)(1). Lastly, Structural avers that the affidavit for mechanics' lien, which it filed on January 9, 1998, was sufficient to satisfy the requirement of a notice of furnishing. We disagree.
As Structural attacks the trial court's factual determinations as well as legal determinations, we will resolve the former first and then proceed to determine whether the trial court correctly applied the applicable law in each instance. Where Structural challenges the factual determinations of the trial court, it is essentially asserting that those determinations are against the manifest weight of the evidence.
When the manifest weight of the evidence is challenged, "[a]n appellate court conducts the same manifest weight analysis in both criminal and civil cases." Ray v. Vansickle (Oct. 14, 1998), Lorain App. Nos. 97CA006897/97CA006907, unreported, at 3.
 "The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. Moreover, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]." Karches v. Cincinnati (1988),38 Ohio St.3d 12, 19. Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." Id.
Structural first asserts that it had completed work on the premises before the notice of commencement was filed and posted by EKM, and therefore, that the notice of commencement was not valid. However, the trial court found that Structural "continued to do work on the bar site until late January of 1998." Hence, we must determine whether the trial court's finding was against the manifest weight of the evidence.
Michael Glaser, President of Structural, testified that after completing the water tap on January 29, 1998 some grading remained to be completed. Further, although Mr. Glaser apparently was not personally involved with the shoring of the excavation for the water tap, this process began on January 13, 1998 and the excavation was inspected on January 23, 1998 according to the entries in Mr. Glaser's calendar. The second bid submitted by Structural for this project included a"6" WATER LINE W/VAULT SIAMESE CONNECTION" and Mr. Glaser testified that the meter vault and Siamese connection were not installed until January 29, 1998. Mr. Glaser's calendar also indicates that other work was completed at the same time the water tap was installed, namely work on the risers and grease traps. Hence, we cannot conclude that the trial court's determination that work continued until late January 1998 was against the manifest weight of the evidence.
Generally, the notice of commencement must be filed "[p]rior to the performance of any labor or work or the furnishing of any materials for an improvement on real property which may give rise to a mechanics' lien[.]" R.C. 1311.04(A)(1). However, R.C. 1311.04(I) provides for the filing of a notice of commencement "[i]f the owner, part owner, lessee, or designee fails to record the notice of commencement in accordance with this section" and, in such an instance, allows the subcontractor to file a notice of furnishing "twenty-one days after the notice of commencement has been recorded."
Herein, Structural was still completing work under its original bid when EKM filed the notice of commencement; hence, we conclude that Structural had twenty-one days from the filing of the notice of commencement to file its notice of furnishing, thereby preserving its lien pursuant to R.C. 1311.05(A). As Structural's work under the contract was not completed, we do not reach the merits of Structural's first argument, namely the issue of whether a notice of commencement filed after the sub-contractor's work was completed would be a valid notice of commencement under R.C. 1311.04. Accordingly, we find the notice of commencement herein to be valid.
Structural next asserts that the notice of commencement was not valid because it was not properly posted pursuant to R.C. 1311.04(G)(1). The trial court concluded that the evidence showed the notice of commencement to have been posted on a bulletin board above the construction superintendent's desk inside the structure being constructed. Hence, the trial court held that the notice of commencement was placed in a conspicuous place. Structural asserts that such a posting was not conspicuous.
R.C. 1311.04(G)(1) provides that "the owner, part owner, lessee, or designee shall post and maintain posted a copy of the notice of commencement in a conspicuous place on the real property described in the notice during the course of the actual physical improvement to the real property." When a court is asked to interpret a statutory provision, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 1.42. Conspicuous is defined as "obvious to the eye or mind[,] plainly visible[.]" Webster's Third New International Dictionary of the English Language Unabridged (1993) 485.
Herein, the notice of commencement was posted on a bulletin board behind the construction superintendent's desk. Although the desk was inside the building being constructed, Mr. Glaser testified that he had to enter the building to complete the water tap after the notice of commencement was posted. We cannot conclude that such a posting was not plainly visible and obvious, and hence, cannot conclude that the trial court's determination that the posting was conspicuous was against the manifest weight of the evidence.
Lastly, Structural avers that the affidavit for mechanics' lien that it filed on January 9, 1998 was in substantial compliance with the requirements of a notice of furnishing as enumerated in R.C. 1311.05(B). Hence, Structural urges that its mechanics' lien be construed as a notice of furnishing for the purposes of R.C. 1311.05. R.C. 1311.05(B) provides that
[t]he notice of furnishing shall be in substantially the following form:
 "Notice of Furnishing (For use in connection with improvements to property other than public improvements)
To: __________________
 (Name of owner, part owner, or lessee or designee from the notice of commencement)
____________________
(Address from the notice of commencement)
To: _________________
(Name of original contractor from notice of commencement)
_____________________
(Address of original contractor from notice of commencement)
 Please take notice that the undersigned is performing certain labor or work or furnishing certain materials to
___________________________
(name and address of other contracting party)
___________________________
in connection with the improvement to the real property located at
___________________________
 The labor, work, or materials were performed or furnished first or will be performed or furnished first on ____________________ (date).
 WARNING TO OWNER: THIS NOTICE IS REQUIRED BY THE OHIO MECHANICS' LIEN LAW. IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS AND DUTIES UNDER THESE STATUTES YOU SHOULD SEEK LEGAL ASSISTANCE TO PROTECT YOU FROM THE POSSIBILITY OF PAYING TWICE FOR THE IMPROVEMENTS TO YOUR PROPERTY.
(Name and address of lien claimant)
____________________________
By (Name and capacity of party signing
[sic] for lien claimant)
(Address of party signing)
Date:"
 Structural's "AFFIDAVIT FOR MECHANIC'S [sic] LIEN" deviated from this form in numerous aspects. Structural's filing did not: (1) apprise the recipient that it was a notice of furnishing as the caption specified in R.C. 1311.05(B) does, or (2) recite the prominent warning located in the notice of furnishing. Moreover, the filing was entitled an "AFFIDAVIT FOR MECHANIC'S [sic] LIEN" and was in the form appropriate for that document pursuant to R.C. 1311.06(C). Hence, we cannot conclude that Structural's affidavit for mechanics' lien was in substantially the form of a notice of furnishing. Accordingly, we conclude that the trial court did not err in failing to construe Structural's affidavit for mechanics' lien as a notice of furnishing.
Upon review of the record, we cannot say that the trial court acted against the manifest weight of the evidence and carried out a miscarriage of justice in making the factual determinations assigned as error herein. Further, we conclude that the trial court properly applied the law to the facts as it found them. Accordingly, Structural's assignment of error is overruled and the verdict of the Medina County Court of Common Pleas, finding the mechanics' liens unperfected, and therefore, invalid is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
SLABY, J., WHITMORE, J. CONCUR